UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOSEPH WILLIAM LANNOM, III,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 1:18-cv-00069<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

In this social security appeal, pro se and *in forma pauperis* Plaintiff Joseph William Lannom, III, seeks judicial review of the Commissioner of Social Security's decision denying his application for supplemental security income (SSI) under Title XVI of the Social Security Act. (Doc. No. 1.) Lannom has not filed a motion for judgment on the administrative record, despite the Court's order directing him to do so. (Doc. No. 12.) Nor has Lannom responded to the Court's order requiring him to show cause why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Doc. No. 13.) Because it appears that Lannom has abandoned his appeal, the Magistrate Judge will recommend that it be dismissed without prejudice under Rule 41(b) for failure to prosecute.

**I.   Factual and Procedural Background**

Lannom filed this action on September 12, 2018, alleging that the Commissioner's decision denying him SSI failed to adequately consider Lannom's medical history. (Doc. No. 1.) The Commissioner answered Lannom's complaint (Doc. No. 10) and filed the relevant administrative (Doc. No. 11). On December 13, 2018, the Court directed Lannom to file a motion for judgment

on the administrative record within twenty-eight days. (Doc. No. 12.) Lannom did not do so. On April 25, 2019, the Court ordered Lannom to show cause why this action should not be dismissed due to his failure to comply with the December 13, 2018 order. (Doc. No. 13.) The Court warned Lannom that failure to respond to the show-cause order would likely lead to a recommendation that this action be dismissed. (*Id.*) Lannom has not responded.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive,"

2

but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that "[a] party proceeding *pro se* must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information, such as telephone number and email address, if any." M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address). A pro se plaintiff's failure to do so "may result in dismissal of the action with or without prejudice." *Id.* Where, as here, noncompliance with a local rule is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

**III.     Analysis**

Lannom has unduly delayed this action by failing to file a motion for judgment on the administrative record and ignoring the Court's show-cause order. This action should therefore be dismissed without prejudice.

3

### A. Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Even if Lannom's failure to comply with this Court's orders was not motivated by bad faith, it still reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault"); *see also Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding that plaintiff was at fault for failing to respond to court's show-cause orders). This factor supports dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit has explained that "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the Commissioner has answered the complaint and filed the administrative record. (Doc. Nos. 10, 11.) Those steps are typical of the early stages of social security litigation and were not necessitated by Lannom's delay. *See Schafer*, 529 F.3d at 739. Consequently, the record does not demonstrate that the Commissioner has wasted substantial time, money, or effort due to a lack of cooperation by Lannom. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Lannom that failure to respond to the show-cause order would likely lead to a recommendation of dismissal. (Doc. No. 13.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate result here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-

factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

IV.     **Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11th day of October, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge